UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 21-1578-JGB (KKx)** | Date: | June 10, 2022 |
| Title: | ***Dawn Frausto v. America First Credit Union, et al.*** | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DONNISHA BROWN | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:     Order GRANTING Plaintiff's Motion to Compel [Dkt. 29]**

On May 9, 2022, plaintiff Dawn Frausto ("Plaintiff") filed a motion seeking to compel defendant America First Credit Union ("America First") to provide supplemental responses to (1) Interrogatory Nos. 1, 3, 4, 6-16, 18-20, 23, and 24; (2) Requests for Admission Nos. 1 and 3; and (3) Requests for Production of Documents Nos. 2, 4, 5, 12, 13, 15, 16, 18, 20, 23, 25, 27, and 30-33 ("Motion to Compel"). Dkt. 29. For the reasons set forth below, Plaintiff's Motion to Compel is GRANTED.

I.
**BACKGROUND**

On September 16, 2021, Plaintiff initiated this action by filing a Complaint against defendants America First and Bonneville Billing & Collections, Inc. (collectively, "Defendants") for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq.; the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788 et seq.; and the Arizona Uniform Commercial Code. Dkt. 1. This action arises from the repossession and sale by America First of a boat and trailer Plaintiff owned with an estranged co-borrower who had stopped making payments. Plaintiff alleges America First failed to conduct a commercially reasonable sale of the boat and trailer and then attempted collect the deficiency balance from Plaintiff. Id. Plaintiff alleges America First failed to adequately advertise the sale, sold the collateral on consignment rather than by auction, accepted a single low-ball bid, and failed to give plaintiff adequate advance notice of the sale. Id. In addition, Plaintiff alleges America First sent her correspondence: (1) misrepresenting the contract payoff balance in notices sent to plaintiff prior to the sale, (2) misrepresenting the legal status of the debt by claiming in post-sale letters that Plaintiff owed a deficiency balance after the sale, (3)

misrepresenting the true amount of the alleged deficiency balance; and (4) claiming excessive interest through its debt collector, Bonneville Billing & Collections.  Id.

On October 13, 2021, Bonneville Billing & Collections, Inc. filed an Answer.  Dkt. 11.

On October 19, 2021, America First filed an Answer.  Dkt. 14.

On January 22, 2022, Plaintiff served Interrogatories, Requests for Admission, and Requests for Production on America First.  Dkt. 29-2, Declaration of Alexander B. Trueblood ("Trueblood Decl."), ¶ 2.

On February 23, 2022, America First served responses to the Interrogatories, Requests for Admission, and Requests for Production.  Id.

On March 11, 2022, Plaintiff's counsel sent counsel for America First an email setting forth the claimed deficiencies of each of America First's discovery responses.  Id., ¶ 3.  On March 18, 2022, counsel for America First responded to Plaintiff's counsel's email with a detailed letter.  Id.  On March 21, 2022, Plaintiff's counsel responded with a follow-up email narrowing the issues in dispute.  Id.

On March 23, 2022, the Court issued a Scheduling Order setting the discovery cut-off for March 20, 2023.  Dkt. 22.

On March 29, 2022, counsel for both parties met and conferred regarding America First's discovery responses, and America First agreed to provide supplemental responses by April 15, 2022.  Trueblood Decl., ¶ 3.  However, as of April 15, 2022, America First had not provide any supplemental responses.  Id., ¶ 4.

On May 2, 2022, counsel for America First emailed Plaintiff's counsel and advised America First would serve supplemental responses on May 6, 2022.  Id.  However, as of May 6, 2022, America First had not provide any supplemental responses.  Id.

On May 9, 2022, Plaintiff filed the instant Motion to Compel, dkt. 29, with a Joint Stipulation pursuant to Local Rule 37-2, dkt. 29-1.  Neither party filed supplemental briefs.  The matter thus stands submitted.

## II.
## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

FED. R. CIV. P. 26(b)(1). Relevant information "need not be admissible in evidence to be discoverable." Id.  A court "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." FED. R. CIV. P. 26(b)(2)(C).

"[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper–especially when a party fails to submit any evidentiary declarations supporting such objections." A. Farber & Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (citations omitted) (faulting defendant for making "boilerplate objections to almost every single request for production, including broad relevancy objections, objections of 'overly burdensome and harassing,' 'assumes facts not in evidence,' privacy, and attorney-client privilege/work product protection").

"The party moving to compel bears the burden of demonstrating why the information sought is relevant and why the responding party's objections lack merit." Bluestone Innovations LLC v. LG Elecs. Inc., No. C-13-01770 SI (EDL), 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013).  In addition, "[r]elevancy alone is no longer sufficient to obtain discovery, the discovery requested must also be proportional to the needs of the case." Centeno v. City of Fresno, No. 1:16-CV-653 DAD (SAB), 2016 WL 7491634, at *4 (E.D. Cal. Dec. 29, 2016) (citing In re Bard IVC Filters Prod. Liab. Litig., 317 F.R.D. 562, 564 (D. Ariz. 2016)).

## III.
## DISCUSSION

### A.    INTERROGATORIES

#### 1.    Applicable Law

Federal Rule of Civil Procedure 33 ("Rule 33") governs interrogatories.  See FED. R. CIV. P. 33.  "Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." FED. R. CIV. P. 33(a)(1). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." FED. R. CIV. P. 33(b)(3).  "The grounds for objecting to an interrogatory must be stated with specificity.  Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." FED. R. CIV. P. 33(b)(4).

When "a party fails to answer an interrogatory submitted under Rule 33," a "party seeking discovery may move for an order compelling an answer[.]" FED. R. CIV. P. 37(a)(3)(B)(iii). Moreover, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4).

#### 2.    Interrogatory Nos. 1, 3, 12-16, and 23

Interrogatory No. 1 seeks the title, last known name, address, and telephone number of "the entity to whom YOU sold PLAINTIFF's vehicle." JS at 5.

Interrogatory No. 3 seeks the title, last known name, address, and telephone number of "all persons employed by YOU who were in any way involved in the sale of PLAINTIFF's vehicle, and describe the role of each such person in the sale." JS at 6.

Interrogatory No. 12 seeks a description of "any advertising which was conducted CONCERNING YOUR sale of PLAINTIFF's boat, including the publication or media where it was run, the length of time appearing in each publication or media, the price advertised, and the exact text of each advertisement." Id.

Interrogatory No. 13 asks, "How did the buyer of PLAINTIFF's boat (from YOU) learn of the fact it was for sale?" JS at 7.

Interrogatory No. 14 seeks a description of "all offers to buy PLAINTIFF's boat (from YOU), including the price and other terms, the date of each offer, and the name, address, and phone number of the offeror." Id.

Interrogatory No. 15 asks, "What was the sales price paid to YOU by the buyer of PLAINTIFF's boat, for the boat?" Id.

Interrogatory No. 16 asks, "What was the sales price paid to YOU by the buyer of PLAINTIFF's boat trailer, for the trailer?" JS at 8.

Interrogatory No. 23 seeks all facts that support America First's contention that the sale of Plaintiff's boat "by YOU" was commercially reasonable. Id.

With respect to Plaintiff's Interrogatories, the term "YOU" means defendant America First and any of its present or former employees, officers, or directors. JS at 5. The term "PLAINTIFF" means Plaintiff Dawn Frausto. Id.

In response to Interrogatory Nos. 1, 3, and 12-16, America First states:

> Responding Party objects to this interrogatory to the extent that it implies the loan account for the subject boat and trailer was only in Plaintiff's name. Without waiving said objections, Plaintiff and Mr. Scott A. Osborn were co-borrowers on the Loan and Security Agreements and Disclosure Statement dated April 27, 2019, loan number 245880057, for the subject boat and trailer. Responding Party did not sell the subject boat and trailer.

JS at 6-8.

In response to Interrogatory No. 23, America First objects "to the extent that it seeks information protected from discovery by the attorney work product privilege and the premature disclosure of information prepared by expert witnesses" and responds that it "did not sell the subject boat and trailer." JS at 8.

America First agreed to provide supplemental responses to clarify that third-party Executive Boat and Yacht Brokerage sold the boat and trailer, but has not yet done so. In addition, America First claims (1) it does not have any information regarding (a) who at Executive Boat and Yacht

Brokerage was involved in the sale, (b) what advertising was conducted by Executive Boat and Yacht Brokerage, or (c) what, if any, other offers were made to purchase the boat; and (2) America First "did not receive" the sales price. JS at 9-10. America First explains that it did not sell the boat, but rather was "provided . . . with a check" from Executive Boat and Yacht Brokerage after deductions. Id. at 10.

First, America First's unsupported, boilerplate objections to Interrogatory No. 23 are OVERRULED. See A. Farber & Partners, Inc., 234 F.R.D. at 188. The Court also notes America First provides no basis or explanation of for its objection to Interrogatory No. 23 on the grounds of attorney work product privilege or premature expert disclosure. Id. Second, America First does not appear to oppose Plaintiff's Motion to Compel supplemental responses to Interrogatory Nos. 1, 3, 12-16, and 23. See JS at 9-10. The Court, therefore, construes America First's failure to oppose as consent to granting the Motion to Compel. See L.R. 7-12. In addition, the Court notes the semantic game America First appears to be playing is not well taken. Unless America First retains possession of the boat and trailer or gave them away for free, America First must have sold the boat and trailer and signed over title to someone, even if the sale was through a third-party. Therefore, the response that America First "did not sell the subject boat" is blatantly misleading, if not objectively false. The Court, therefore, orders America First to provide supplemental responses that will make clear how title was transferred. Accordingly, Plaintiff's Motion to Compel supplemental responses to Interrogatory Nos. 1, 3, 12-16, and 23 is GRANTED.

### 2. Interrogatory No. 4

Interrogatory No. 4 seeks the title, last known name, address, and telephone number of "all persons employed by any broker who assisted in the sale of PLAINTIFF's vehicle, who were in any way involved in the sale of PLAINTIFF's vehicle, and describe the role of each such person in the sale." JS at 10.

America First once again responds as follows:

> Responding Party objects to this interrogatory to the extent that it implies the loan account for the subject boat and trailer was only in Plaintiff's name. Without waiving said objections, Plaintiff and Mr. Scott A. Osborn were co-borrowers on the Loan and Security Agreements and Disclosure Statement dated April 27, 2019, loan number 245880057, for the subject boat and trailer. Responding Party did not sell the subject boat and trailer.

Id.

America First argues Interrogatory No. 4 would be "better directed" to Executive Boat and Yacht Brokerage, but it "is amenable to providing a supplement[al] response to the extent possible. JS at 11.

As an initial matter, the response that America First "did not sell the subject boat and trailer" is blatantly misleading, if not objectively false. In addition, America First does not appear to oppose Plaintiff's Motion to Compel supplemental response to Interrogatory No. 4. See JS at 11. The Court, therefore, construes America First's failure to oppose as consent to granting the Motion to Compel. See L.R. 7-12. While America First does not have an obligation to request information

from third parties over which it has no control, America First must provide all the responsive information in its possession, custody, or control. Valdez v. Genesis Healthcare LLC, No. 2:19-CV-00976-DMG (JC), 2021 WL 5989963, at *6 (C.D. Cal. Sept. 7, 2021) (a party responding to discovery has "an affirmative duty to seek that information reasonably available to it from its employees, agents, or others subject to its control"). At a minimum, America First should be aware of the name and contact information of the employee of Executive Boat and Yacht Brokerage who it contacted regarding hiring or engaging Executive Boat and Yacht Brokerage to sell the subject boat and trailer. Accordingly, Plaintiff's Motion to Compel supplemental responses to Interrogatory No. 4 is GRANTED.

### 3. Interrogatory Nos. 6-8

Interrogatory Nos. 6-8 seek the title, last known name, address, and telephone number of America First's employee(s) or former employee(s) who prepared the March 1, 2021 "Notice of Intent to Sell, Private Sale and Right to Redeem Repossessed Collateral" letter to Plaintiff, the March 9, 2021 "Notice of Intent to Sell, Private Sale and Right to Redeem Repossessed Collateral" letter to Plaintiff, and the two April 1, 2021 letters issued to Plaintiff regarding a deficiency balance on Plaintiff's America First account. JS at 11-12.

America First objected to Interrogatory Nos. 6-8 on the grounds the information is protected by "personal privacy rights" and relevance. JS at 12.

First, the information regarding who prepared the letters that form the basis for Plaintiff's Rosenthal Act claims is clearly relevant, particularly in light of Plaintiff's representation that she would seek to depose the author(s) regarding the alleged falsity of the representations contained therein. See JS at 12. Accordingly, America First's relevance objection is OVERRULED. Second, America First's agreement to provide supplemental responses "in the event the notices were not automated" is insufficient. JS at 13. If the notices were automated, as America First's counsel appears to believe they were, see id., then America First's privacy objection is baseless. The responding party has "an *obligation* to conduct a reasonable inquiry into the factual basis of its discovery responses." Murrey v. City of Los Angeles, No. CV 19-2501 FMO (AS), 2020 WL 2065019, at *5 (C.D. Cal. Feb. 21, 2020) (emphasis in original). In the event the author(s) are employees of America First, America First stands by its privacy objection and states "such employees can only be contacted through counsel." JS at 13. To the extent, the employees have given counsel for America First authority to accept a subpoena on their behalf, America First may limit its response to require such employees be contacted through counsel for America First. Otherwise, counsel for America First fails to provide any explanation for why a protective order would be insufficient to protect the privacy of the employees or former employees who are highly relevant witnesses to the instant litigation. See Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (finding privacy does not completely bar discovery of protected material; rather, it generally requires balancing the needs of the party seeking discovery with the burden of production). Accordingly, Plaintiff's Motion to Compel supplemental responses to Interrogatory Nos. 6-8 is GRANTED.

///
///
///

### 4. Interrogatory No. 9

Interrogatory No. 9 seeks identification of all "'policies and procedures reasonably designed to ensure compliance with all applicable statutes and regulations' as alleged in YOUR answer, under the Fifth Affirmative Defense." JS at 13.

America First objected to Interrogatory No. 9 on the grounds it seeks "information proprietary [sic] and trade secret information." JS at 14.

America First declines to withdraw its trade secret objection, but states it has agreed to "produce documents from where the answer to this interrogatory may be ascertained." Id.

First, it is not clear to the Court how identification of the policies and procedures America First employs to comply with the law are trade secrets, particularly in light of the agreement to produce documents responsive to the interrogatory. Second, America First fails to explain how identification of the documents, rather than the contents of the documents, is a trade secret. See A. Farber & Partners, Inc., 234 F.R.D. at 188. Therefore, America First's trade secret objection is OVERRULED. Accordingly, Plaintiff's Motion to Compel supplemental responses to Interrogatory No. 9 is GRANTED.

### 5. Interrogatory Nos. 10-11, 18-20, and 24

Interrogatory No. 10 seeks "all facts supporting the allegation in YOUR answer, under the Seventh Affirmative Defense, that PLAINTIFF's claims are barred by unclean hands." JS at 14.

Interrogatory No. 11 seeks "the basis for any offsets YOU claim against PLAINTIFF under the Eighteenth Affirmative Defense in YOUR answer, including the amount of each claimed offset, and how YOU calculated that amount." JS at 15.

Interrogatory No. 18 seeks "the contract payoff balance on PLAINTIFF's account with YOU for the boat, as of March 1, 2021, and itemize with specificity each component of that balance by type, date, and amount." Id.

Interrogatory No. 19 seeks "the contract payoff balance on PLAINTIFF's account with YOU for the boat, as of April 1, 2021, and itemize with specificity each component of that balance by type, date, and amount." Id.

Interrogatory No. 20 seeks "the contract payoff balance on PLAINTIFF's account with YOU for the boat trailer, as of April 1, 2021, and itemize with specificity each component of that balance by type, date, and amount." JS at 16.

Interrogatory No. 24 seeks citation to "any statute which YOU contend required PLAINTIFF's boat to be titled in the name of YOUR boat broker." Id.

America First objected to Interrogatory Nos. 10, 11, and 24 on the grounds of attorney work product privilege and premature expert disclosure. JS at 15-16. America First responded to Interrogatory Nos. 10, 11, 18-20, and 24 that "pursuant to FRCP Rule 33, [America First] will produce the [non-privileged] documents in its possession, custody, and control[.]" Id.

In opposition to the Motion to Compel, America First states only that it "will and has agreed to produce documents responsive of these interrogatories." JS at 17.

The Court construes America First's failure to oppose the Motion to Compel, as consent to granting the Motion to Compel as to Interrogatory Nos. 10, 11, 18-20, and 24. See L.R. 7-12. Therefore, America First's unsupported, boilerplate attorney work product and premature expert disclosure objections are OVERRULED. In addition, Rule 33(d)(1) requires that America First's response must "specify[] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could[.]" Fed. R. Civ. P. 33(d)(1). Accordingly, Plaintiff's Motion to Compel supplemental responses to Interrogatory Nos. 10, 11, 18-20, and 24 is GRANTED.

**B.      REQUESTS FOR ADMISSION**

### 1.      Applicable Law

"A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." FED. R. CIV. P. 36(a)(1). Federal Rule of Civil Procedure 36 provides:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

FED. R. CIV. P. 36(a)(4).

### 2.      Requests for Admission No. 1

Request for Admission No. 1 seeks an admission that "YOU regularly and in the ordinary course of business engage in acts or practices to collect money owed to YOU under loan accounts which were opened primarily for personal, family, or household purposes." JS at 17.[1]

America First objected on the grounds (a) the definition of "YOU" is overbroad, (b) the request is compound, vague, and ambiguous, and (c) relevance. Id.

///

---

[1] While the parties do not provide the definition of "YOU" that applied to the Requests for Admission, based on the parties' arguments it appears it is defined the same way as in the Interrogatories.

First, America First argues Request for Admission No. 1 is not relevant to the extent is seeks information about transactions other than the transaction at issue in this case. JS at 17. However, Request for Admission No. 1 is relevant to Plaintiff's Rosenthal Act claims because Plaintiff must prove America First is a "debt collector." The Rosenthal Act defines "debt collector" as "any person who, in the ordinary course of business, regularly, on behalf of that person or others, engages in debt collection." Cal. Civ. Code § 1788.2(c). "In order to show America First engages in debt collection "in the ordinary course of business," Plaintiff will need to show America First has engaged in debt collection transactions other than the transaction at issue in this case. Therefore, America First's relevance objection is OVERRULED. In addition, America First's boilerplate objections on the grounds the request is compound, vague, and ambiguous are OVERRULED. See A. Farber & Partners, Inc., 234 F.R.D. at 188. Finally, while the definition of "YOU" is overbroad to the extent it includes America First's present or former employees, officers, or directors, this objection is an insufficient basis for failing to respond. Accordingly, Plaintiff's Motion to Compel a supplemental response to Request for Admission No. 1 is GRANTED.

### 3. Request for Admission No. 3

Request for Admission No. 3 seeks an admission that "YOUR sale of PLAINTIFF's boat was not commercially reasonable in all respects." JS at 18.

America First objected on the grounds the definition of "YOU" is overbroad and to the extent the request implies Plaintiff was the sole owner of the boat. America First then responded that it "denies that [America First] or its employees, officers or directors sold the subject boat and denies that the sale of the subject boat was not conducted in a commercially reasonable manner." Id.

Plaintiff argues America First's response is confusing and contradictory because it simultaneously denies that America First sold the collateral, but also that America First knows enough about the sale to maintain that it was commercially reasonable. JS at 19. America First argues it properly responded to Request for Admission No. 3.

While America First's objections are SUSTAINED, they do not provide any basis for the confusing, misleading, and unnecessarily qualified response. As set forth above, merely stating that America First did not sell the boat is misleading, at best. Accordingly, Plaintiff's Motion to Compel a supplemental response to Request for Admission No. 3 is GRANTED. America First shall provide an unqualified admission or denial subject to its objections.

### C. REQUESTS FOR PRODUCTION OF DOCUMENTS

#### 1. Applicable Law

Federal Rule of Civil Procedure 34 ("Rule 34") governs requests for production of documents. FED. R. CIV. P. 34. A party may request documents "in the responding party's possession, custody, or control." FED. R. CIV. P. 34(a)(1). The responding "must respond in writing within 30 days after being served" and is obligated to produce all specified relevant and nonprivileged documents, tangible things, or electronically stored information in its "possession,

custody, or control" on the date specified.  FED. R. CIV. P. 34(b).  Alternatively, a party may state an objection to a request, including the reasons.  FED. R. CIV. P. 34(b)(2)(A)-(B).

When "a party fails to produce documents or fails to respond that inspection will be permitted . . . as requested under Rule 34," a "party seeking discovery may move for an order compelling . . . production[.]"  FED. R. CIV. P. 37(a)(3)(B)(iv).  "In moving to compel the production of documents, the moving party bears the burden of demonstrating 'actual and substantial prejudice' from the denial of discovery."  Grossman v. Dirs. Guild of Am., Inc., No. EDCV 16-1840-GW (SPx), 2018 WL 5914242, at *4 (C.D. Cal. Aug. 22, 2018).

### 2. Requests for Production Nos. 2, 4, and 5

Request for Production No. 2 seeks the loan contract between America First and Plaintiff.  JS at 19.[2]

America First objected to Request for Production No. 2 on because the definition of "YOU" is overbroad, but agreed to produce "a copy of the loan documents for the subject boat."  Id.

Request for Production No. 4 seeks the repossession order for Plaintiff's boat.  Id.

America First objected to the extent the request implies the boat was owned only by Plaintiff, but agreed to produce "the documents related to the request for repossession of the subject boat in its possession, custody or control."  JS at 19-20.

Request for Production No. 5 seeks any documents "constituting communications between YOU and the broker who assisted in the sale of PLAINTIFF's boat, about the boat or trailer, or the sale."  JS at 20.

America First objected to the extent the request implies the boat was owned only by Plaintiff, but agreed to produce "the communications with the broker for the sale of the subject boat and trailer."  Id.

Plaintiff argues the responses do not comply with Rule 34 because the objections fail to state whether any responsive materials are being withheld on the basis of the objections and also that the responses appear to qualify the production.  JS at 20.  America First states that it has agreed to produce responsive documents and "[t]here are no conditions placed on the production."  JS at 21.  The Court construes America First's failure to oppose the Motion to Compel as consent to granting the Motion to Compel as to Requests for Production Nos. 2, 4, and 5.  See L.R. 7-12.  Accordingly, Plaintiff's Motion to Compel supplemental responses to Requests for Production Nos. 2, 4, and 5 is GRANTED.

///

---

[2] While the parties do not provide the definition of "YOU" that applied to the Requests for Production, based on the parties' arguments it appears it is defined the same way as in the Interrogatories.

### 3. Request for Production No. 12

Request for Production No. 12 seeks "All DOCUMENTS CONCERNING any advertising which YOU conducted for the sale of PLAINTIFF's boat." JS at 21.

America First objected on the grounds the definition of "YOU" is overbroad and to the extent the request implies Plaintiff was the sole owner of the subject boat. Id. America First responded that it "has made a diligent search and made a reasonable inquiry in an effort to respond to this request, but [America First] does not have documents constituting [America First's] advertising for the sale of the subject boat as it believes that no such documents ever existed." Id.

Plaintiff argues the response does not comply with Rule 34 because the objections fail to state whether any responsive materials are being withheld. Id. America First states it "is amenable to providing a response stating that no documents are being withheld." JS at 22. The Court construes America First's failure to oppose the Motion to Compel as consent to granting the Motion to Compel as to Request for Production No. 12. See L.R. 7-12. Accordingly, Plaintiff's Motion to Compel a supplemental response to Request for Production No. 12 is GRANTED.

### 4. Request for Production No. 13

Request for Production No. 13 seeks "All DOCUMENTS CONCERNING any advertising which YOUR broker conducted for the sale of PLAINTIFF's boat." JS at 22.

America First objected to the extent the request implies Plaintiff was the sole owner of the subject boat. Id. America First then responded that it "has made a diligent search and made a reasonable inquiry in an effort to respond to this request, but [America First] does not have documents constituting advertising for the sale of the subject boat in its possession, custody or control." Id.

Plaintiff argues the response does not comply with Rule 34 because the objection fails to state whether any responsive materials are being withheld. Id. America First states it "is amenable to providing a response stating that no documents are being withheld." JS at 23. The Court construes America First's failure to oppose the Motion to Compel as consent to granting the Motion to Compel as to Request for Production No. 12. See L.R. 7-12.

Plaintiff also argues America First has control of the documents maintained by its agent and broker Executive Boat and Yacht Brokerage. JS at 23. America First argues Executive Boat and Yacht Brokerage is a third party and America First, therefore, does not have control over Executive Boat and Yacht Brokerage. Id. "Control is defined as the legal right to obtain documents upon demand." United States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO, 870 F.2d 1450, 1452 (9th Cir. 1989) (holding subpoenaed international union did not have control over certain records of local unions because they were separate legal entities and contract governing union relationship did not give international union the right to obtain local union documents upon demand). While Plaintiff has the burden to prove America First has control over Executive Boat and Yacht Brokerage, see id., America First's failure to produce the requested documents, including a copy of the contract between it and Executive Boat and Yacht Brokerage, renders Plaintiff unable to meet this burden. Accordingly, America First's supplemental response should make clear

whether it has the legal right to obtain advertising documents from Executive Boat and Yacht Brokerage upon demand.

Hence, Plaintiff's Motion to Compel a supplemental response to Request for Production No. 13 is GRANTED.

### 5. Requests for Production Nos. 15 and 16

Requests for Production Nos. 15 and 16 seek all documents "CONCERNING the sales price paid to YOU by the buyer of PLAINTIFF's" boat and boat trailer, for the boat and boat trailer, respectively. JS at 23-24.

America First objects to the extent the requests imply that Plaintiff was the sole owner of the subject boat. Id. America First then responds that after a diligent search and reasonable inquiry it "does not have any documents constituting the sales price" paid to America First by the buyer of the subject boat or boat trailer. Id.

Plaintiff argues the responses do not comply with Rule 34 because the objections fail to state whether any responsive materials are being withheld and also that the responses appear to qualify the production. Id. America First states the buyer never paid the sales price to America First, but America First "will produce documents which relate to any amounts ultimately received and/or derived as a result of Executive Boat and Yacht's sale of the items in question." JS at 25. America First's improper qualification and limitation of its response based on the claim that America First did not "sell" the subject boat is not well taken for the reasons set forth above. The requests clearly seek documents "concerning" the sales price paid to America First by the buyer of the subject boat. Hence, Plaintiff's Motion to Compel supplemental responses to Requests for Production Nos. 15 and 16 is GRANTED.

### 6. Requests for Production No. 18

Request for Production No. 18 seeks "All DOCUMENTS which CONCERN any inquiries about the sale of PLAINTIFF's boat or indications of interest in it, from persons who did not end up buying it." JS at 25.

America First objects to the extent the request implies that Plaintiff was the sole owner of the subject boat. JS at 26. America First then responds that after a diligent search and reasonable inquiry, it "does not have the requested documents in its possession, custody or control." Id.

Plaintiff argues the response does not comply with Rule 34 because the objection fails to state whether any responsive materials are being withheld. Id. The Court construes America First's failure to oppose the Motion to Compel as consent to granting the Motion to Compel on this point. See L.R. 7-12.

Plaintiff also argues America First has control of the documents maintained by its agent and broker Executive Boat and Yacht Brokerage. JS at 26. America First states it does not have control over Executive Boat and Yacht Brokerage. Id. "Control is defined as the legal right to obtain documents upon demand." Indus. Workers, 870 F.2d at 1452. While Plaintiff has the burden to prove America First has control over Executive Boat and Yacht Brokerage, see id., America First's

failure to produce the requested documents, including a copy of the contract between it and Executive Boat and Yacht Brokerage, renders Plaintiff unable to meet this burden. Accordingly, America First's supplemental response should make clear whether it has the legal right to obtain documents regarding the sale of the subject boat from Executive Boat and Yacht Brokerage upon demand.

Hence, Plaintiff's Motion to Compel a supplemental response to Request for Production No. 18 is GRANTED.

### 7. Request for Production No. 20

Request for Production No. 20 seeks "All DOCUMENTS which CONCERN any commission YOU paid for the sale of PLAINTIFF's boat, including the cancelled check." JS at 27.

America First objects to the extent the request implies that Plaintiff was the sole owner of the subject boat. Id. America First then responds that after a diligent search and reasonable inquiry, it "does not have the requested documents in its possession, custody or control." Id.

Plaintiff argues responsive documents exist because America First sent Plaintiff an April 1, 2021 letter after the sale of the boat stating Plaintiff owed America First $3,291 for a "sale commission." Id. America First argues it does not have responsive documents, it did not pay commission for the sale of the boat, Executive Boat and Yacht Brokerage sold the boat, and Executive Boat and Yacht took deductions "whether for commission or consignment." Id. America First has agreed to produce any documents in its possession, custody, or control related to the sales proceeds and breakdown of sales proceeds. Id. To the extent it appears America First is charging Plaintiff for a sale commission, it is concerning America First has no support for that charge. Nevertheless, it appears America First has agreed to produce responsive documents. Hence, Plaintiff's Motion to Compel a supplemental response to Request for Production No. 20 is GRANTED.

### 8. Requests for Production Nos. 23 and 25

Request for Production Nos. 23 and 25 seek the "bank statement reflecting the amount YOU deposited in YOU bank account for the sales proceeds of PLAINTIFF's" boat and boat trailer, respectively. JS at 28.

America First objects to the extent the request implies that Plaintiff was the sole owner of the subject boat. Id. America First then responds that after a diligent search and reasonable inquiry, it "does not have the requested documents in its possession, custody or control." Id.

First, America First's argument that it did not "sell" the subject boat is not well taken for the reasons set forth above. Second, America First's privacy objection, raised for the first time in opposition to the Motion to Compel, see JS at 29, is waived. Bingham v. Marriott Int'l, Inc., No. 8:21-CV-00836-JLS (JDEx), 2022 WL 886116, at *3 (C.D. Cal. Feb. 17, 2022) ("[O]bjections not raised in a written response to discovery may not be raised for the first time in a discovery motion."). Finally, Plaintiff argues America First sent her two accounting letters dated April 1, 2021 stating the "sales proceeds" of $39,000 had been credited to her account. JS at 28. While America First argues the "proceeds from the boat sale and the ultimate amount that [America First] received

from the sale are reflected in other non invasive documents." JS at 29.  However, America First has not produced any such documents.  Moreover, a protective order would be sufficient to protect the America First's privacy.  See Soto, 162 F.R.D. at 616.  Hence, Plaintiff's Motion to Compel supplemental responses to Requests for Production Nos. 23 and 25 is GRANTED.

### 9. Request for Production No. 27

Request for Production No. 27 seeks "All DOCUMENTS constituting contracts or agreements between YOU and defendant Bonneville Billings & Collections, Inc."  JS at 29.

America First objects on the following grounds: (a) the request is vague, ambiguous, and overbroad as to time, (b) relevance, to the extent the request seeks documents other than for the subject boat; and (c) privacy.  JS at 29-30.  America First then responds that it will produce "the documents responsive to the request related to the subject boat in its possession, custody or control."  JS at 30.

As an initial matter, America First's objections fail to comply with Rule 34 because they do not state whether any documents are being withheld.  See JS at 30.  Regarding relevance, Plaintiff argues Request for Production No. 27 is relevant to (a) show that both Bonneville and America First are "debt collectors" as defined by the Rosenthal Act and the FDCPA, (b) show an agency relationship between America First and Bonneville, (c) show bias, and (d) undermine Defendants' innocent mistake defense.  JS at 30-31.  America First conclusorily argues there is no correlation between their affirmative defenses and agreements not related to the subject boat.  JS at 31-32.  However, America First fails to explain why unrelated contracts would not be relevant to establishing America First is a "debt collector" and that it has an agency relationship with Bonneville.  Nevertheless, America First may limit its production to the last five years, without prejudice to Plaintiff seeking additional documents if it appears they may be relevant.  In addition, America First's vague and ambiguous objections are OVERRULED.  Finally, America First has not shown there are any third party privacy interests at stake, but if such interests exist, a protective order would be sufficient to protect any such interests.  See Soto, 162 F.R.D. at 616.  Hence, Plaintiff's Motion to Compel a supplemental response to Request for Production No. 27 is GRANTED as limited above.

### 10. Requests for Production Nos. 30-33

Requests for Production Nos. 30 and 31 seek documents "which CONCERN any valuations or estimates of value of PLAINTIFF'Ss" boat and boat trailer, respectively.  JS at 32.

Requests for Production Nos. 32 and 33 seek all documents supporting America First's contention that the sale of Plaintiff's boat and boat trailer, respectively, was commercially reasonable.  Id.

America First objects to the extent the requests imply Plaintiff was the sole owner of the subject boat and on the grounds of attorney work product and premature expert disclosure.  Id.  America First then responded that it would produce the non-privileged documents in its possession, custody or control.  Id.

America First does not oppose producing responsive documents and a privilege log based on the agreement with Plaintiff's counsel that the privilege log does not need to include documents consisting of defense counsel's thoughts or impressions after being hired for this case. JS at 33. The Court construes America First's failure to oppose the Motion to Compel as consent to granting the Motion to Compel as to Requests for Production Nos. 30-33. L.R. 7-12. Accordingly, Plaintiff's Motion to Compel supplemental responses to Requests for Production Nos. 30-33 is GRANTED subject to the parties' agreement that the privilege log does not need to include documents consisting of defense counsel's thoughts or impressions after being hired.

## IV.
## CONCLUSION

It is therefore ORDERED, Plaintiff's Motion to Compel is GRANTED. **Within seven (7) days of the date of this Order**, defendant America First shall serve supplemental responses as set forth above to Plaintiff's (1) Interrogatory Nos. 1, 3, 4, 6-16, 18-20, 23, and 24; (2) Requests for Admission Nos. 1 and 3; and (3) Requests for Production of Documents Nos. 2, 4, 5, 12, 13, 15, 16, 18, 20, 23, 25, 27, and 30-33, as well as all responsive documents.

The Court strongly admonishes the parties, and particularly America First, to comply with their "shared responsibility . . . to consider the factors bearing on proportionality before propounding discovery requests, issuing responses and objections, or raising discovery disputes before the courts." Salazar, 2016 WL 736213, at *2. The Court further cautions the parties that an award of reasonable expenses to the prevailing party are generally mandatory where a motion to compel discovery is granted or denied in its entirety. FED. R. CIV. P. 37(a)(5)(A) and (B).